**PEOPLE FOR ENVIRONMENTAL PROGRESS, a California non-profit corporation, Plaintiff,**

v.

**Douglas R. LEISZ, California Regional Forester, et al., Defendants.**

**City of Los Angeles, a municipal corporation and body politic, Intervenor.**

**No. 73–1405–LTL.**

United States District Court,
C. D. California.
March 25, 1974.

Jonathan M. Yost, Santa Monica, Cal., for plaintiff.

William D. Keller, U. S. Atty., Matthew A. Schumacher, Huston T. Carlyle, Jr., Asst. U. S. Attys., Los Angeles, Cal., for defendants.

Burt Pines, City Atty., Claude E. Hilker, Asst. City Atty.; Gary R. Netzer, Gregory C. O'Brien, Jr., Deputy City Attys., Los Angeles, Cal., for intervenor.

## ORDER

LYDICK, District Judge.

Plaintiff and intervenor here seek declaratory, injunctive and mandatory relief with regard to the Brushland Management Program of the U. S. Forest Service, a program which involves the spraying of certain herbicides on National Forest Lands in California. Plaintiff alleges that defendants have failed to comply with the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 et seq., by not preparing an adequate Environmental Impact Statement, and have violated the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA), 7 U.S.C. § 136 et seq., by their use of certain herbicides in a manner inconsistent with their label.

Jurisdiction as to the NEPA question is properly based upon Section 10 of the Administrative Procedure Act, 5 U.S.C. §§ 701–706, and 28 U.S.C. § 1361. As to the FIFRA claim, the propriety of jurisdiction under 7 U.S.C. § 136n(c) is subject to the question of standing raised by defendants' motion for partial judgment on the pleadings, F.R.C.P. 12(c), which contends that plaintiff and intervenor have no standing to raise the issue of alleged violations of FIFRA.

F.R.C.P. 12(c) provides:

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Here, the conversion of this motion into one for summary judgment would not seem to serve any useful purpose. The Court can properly decide this motion by only considering the pleadings presented and it so does.

The standard to be applied in deciding such a motion has been set forth in Austad v. United States, 386 F.2d 147 (9th Cir. 1967):

"For purposes of a motion for judgment on the pleadings, all allegations of fact of the opposing party are accepted as true. . . . Only if it appears that, on the facts so admitted, the moving party is clearly entitled to prevail can the motion be granted. Walker Distributing Co. v. Lucky Lager Brewing Co., 9 Cir., 323 F.2d 1, 3." 386 F.2d at 149.

The allegation of plaintiff and intervenor that the defendants have violated FIFRA relates to 7 U.S.C. § 136j(a)(2)(G), which provides: "It shall be unlawful for any person—to use any registered pesticide in a manner inconsistent with its labeling." The claim is that defendants have used a pesticide called Weedone 170 in such a manner as to violate the statute.

Defendants contend, in substance, that plaintiff and intervenor lack standing to raise the issue of alleged violations of FIFRA by defendants; that the responsibility and authority for enforcement of FIFRA was delegated to the Environmental Protection Agency (EPA) and

the Office of the Attorney General; and that an amendment which would have provided for citizens' suits to enforce FIFRA was specifically rejected by Congress. Plaintiff and intervenor contend that they have standing to sue under FIFRA and 5 U.S.C. § 702 and that they are both within the "zone of interest" of FIFRA.

5 U.S.C. § 702, § 10(a) of the APA, provides:

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

Agency action, as defined in 5 U.S.C. § 551, "includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act."

■ From an examination of the pleadings of the plaintiff and intervenor it does not appear that the course of conduct challenged as violative of 7 U.S.C. § 136j(a)(2)(G) (defendants' spraying of Weedone 170) constitutes agency action as defined in 5 U.S.C. § 551. Since the activities of these defendants challenged under FIFRA do not fall within that statutory definition, they cannot be the subject of the judicial review provided for in 5 U.S.C. § 702 and reliance upon that section by plaintiff and intervenor seems to be misplaced.

It is not our judgment alone that generalizations about standing to sue are largely worthless as such. Association of Data Processing Service Organizations v. Camp, 397 U.S. 150, 151, 90 S. Ct. 827, 25 L.Ed.2d 184 (1970). However, it would seem that some of the arguments advanced by plaintiff and intervenor to support standing under 5 U. S.C. § 702 may nonetheless be relevant to the standing tests laid down in *Data Processing*. This anomaly is due to the lack of a clear delineation, if one indeed exists, between the bases for standing apart from the APA and under the APA. *Compare* United States v.

SCRAP, 412 U.S. 669, 683–690, 93 S.Ct. 2045, 37 L.Ed.2d 254 (1973), *and* Sierra Club v. Morton, 405 U.S. 727, 731–741, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972), with *Data Processing, supra,* 397 U.S. at 151–157, 90 S.Ct. 827, *and* Hardin v. Kentucky Utilities Co., 390 U.S. 1, 5–7, 88 S.Ct. 651, 19 L.Ed.2d 787 (1968); *see* Davis, Administrative Law § 22.00 et seq. (1970 supp.); *see also* S. v. D., 410 U.S. 614, 616–617, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973); Western Addition Community Organization v. Weaver, 294 F.Supp. 433, 443 (N.D.Cal.1968); vacated on other grounds, 320 F.Supp. 308 (N. D.Cal.1969). Further contributing to the confusion is certain language of the Supreme Court in Sierra Club v. Morton, *supra,* which indicates that "where a dispute is otherwise justiciable" the question of standing "is one within the power of Congress to determine." *Id.* 405 U.S. at 732 n. 3, 92 S.Ct. at 1365.

In our view many of the problems with respect to standing arise from the failure of all concerned to pay sufficient attention to the product of the labor and legislative processes of Congress and to its intent and will as to who should enforce the laws it passes. In the present context we note that under FIFRA the EPA was invested "with power to prohibit misuse of a registered pesticide in addition to the existing powers of registering certain pesticides and prohibiting interstate commerce in unregistered pesticides [and] has thus become the Congressionally designated expert on pesticides." United States v. Goodman, 486 F.2d 847, 849 (7th Cir. 1973). The EPA was empowered to assess and collect civil penalties for violations of the Act, with the aid of the Attorney General if necessary, 7 U. S.C. § 136*l*, and was given the authority to prescribe regulations to carry out the provisions of the act. 7 U.S.C. § 136w; EPA Rules of Practice Governing Proceedings Conducted in the Assessment of Civil Penalties under FIFRA, 40 C.F.R. 168, 38 F.R. 26360 (September 20, 1973). "[W]hen legislation expressly provides a particular remedy or reme-

dies, courts should not expand the coverage of the statute to subsume other remedies." National R. R. Passenger Corp. v. National Association of R. R. Passengers, 414 U.S. 453, 94 S.Ct. 690, 693, 38 L.Ed.2d 646 (January 9, 1974). This principle must yield only in the face of clear contrary evidence of legislative intent. *Id.*

While it is true that nowhere on the face of the statute is it stated that the enforcement powers of the administrator of the EPA or the Attorney General are or should be exclusive, the legislative history of the statute in question clearly indicates that Congress considered and rejected on more than one occasion proposed amendments which would have provided for citizens' civil actions to enjoin violations. For example, the Senate Subcommittee on Agricultural Research and General Legislation recommended such an amendment to the Agriculture and Forestry Committee and it was rejected by the full committee. S.Rep. No. 92–838, 92d Cong., 2d Sess., 3 U.S. Code Cong. & Ad.News, pp. 4003, 4005 (1972). Later, the Senate Commerce Committee proposed another amendment which would have "authorized [citizens] to bring injunctive suits against certain violators of the Act and against EPA for failing to perform mandatory duties." S.Rep. No. 92–970, 92d Cong., 2d Sess., 3 U.S.Code Cong. & Ad.News, pp. 4093, 4106–4107, 4125–4126 (1972). The Senate Agriculture and Forestry Committee was explicit in its opposition to this proposed amendment. Its position was based on its opinion that the executive branch should have the sole responsibility for administering and enforcing the new statute, its concern for placing further burdens on already overburdened federal courts, and the possibility that the amendment might encourage baseless or harassing suits by professional litigants which would interfere with the orderly administration of the law. S.Rep. No. 92–838, *supra,* at 4025, 4060. This proposed amendment was subsequently deleted from the bill by the House-Senate Conference Committee. Conference Rep. No. 92–1540, 92d Cong., 2d Sess., 3 U.S.Code Cong. & Ad.News, p. 4134 (1972).

 We recognize that changes in a statute in the course of enactment must be observed with caution in determining legislative intent. However, rejection of specific provisions is in our view more significant, may be properly considered and is most persuasive in the circumstances here found. *See* Fox v. Standard Oil Co., 294 U.S. 87, 96, 55 S.Ct. 333, 79 L.Ed. 780 (1935); *see also* National R. R. Passenger Corp. v. National Association of R. R. Passengers, 414 U.S. 453, 94 S.Ct. 690, 38 L. Ed.2d 646 (January 9, 1974). Thus, the Congressional intent to us at least is clear enough: Enforcement of FIFRA is reserved by Congress to the Environmental Protection Agency and to the Office of the Attorney General, and violations thereof are not the proper subject of civil actions by citizens.

Defendants' motion for partial judgment on the pleadings is accordingly granted.