117 N.H. 972 (1977)
LEGISLATIVE UTILITY CONSUMERS' COUNCIL VOLUNTEERS ORGANIZED IN COMMUNITY EDUCATION
v.
PUBLIC UTILITIES COMMISSION THE STATE OF NEW HAMPSHIRE AND
PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE
No. 7717.
Supreme Court of New Hampshire.
December 2, 1977.
*973 Steven W. Ruback, of Concord, by brief and orally, for the Legislative Utility Consumers' Council.
Dom S. D'Ambruoso and Warren E. Waters, of Concord (Mr. Waters orally), for the Public Utilities Commission.
Sulloway, Hollis, Godfrey & Soden, and Martin Gross, of Concord (Mr. Gross orally), for Public Service Company of New Hampshire.
PER CURIAM.
This is an appeal under RSA 541:6 from an order of the Public Utilities Commission (hereinafter "commission") which authorized Public Service Company of New Hampshire to apply a fuel adjustment rate of $1.38 per 100 kilowatt hours to retail customer billings in the month of February 1977. The same order denied certain motions of the Legislative Utility Consumers' Council and Volunteers Organized In Community Education to reduce the fuel adjustment rate. For the reasons indicated hereinafter, we uphold the order of the commission and dismiss the appeal.
The Public Service Company of New Hampshire has a fuel adjustment clause as part of its tariff. This clause operates to recover increased costs of fossil fuels over the amount those costs were in 1971. Each month the commission holds a public hearing pursuant to RSA 378:3-a (Supp. 1976) in order to approve the fuel adjustment charge for the following month. The amount of the charge is based on the cost of fossil fuel during the month preceding the hearing. This procedure therefore allows the utility companies to recover the appropriate costs two months after they are incurred. In the present case, public hearings were held in January 1977 in order to determine the appropriate fuel adjustment rate for February 1977. Public Service Company's proposed fuel adjustment rate for February was based on actual costs of fuel burned to supply energy in the month of December 1976.
During the month of December 1976, the Public Service Company suffered unscheduled outages at its Merrimack II generating station. Merrimack II is a coal-fired generating unit which is designed to be the basic source of electricity for the utility company. It was out of service for twenty-four days in December 1976 due *974 to equipment failures. As a result of these outages, Public Service Company had to switch over to its oil-fired electrical generators, which resulted in the burning of a higher cost fossil fuel. The commission allowed these higher costs to be passed on through the February 1977 fuel charge to the consumer. The Public Service Company concedes that the charge would have been lower if Merrimack II had been operational in December 1976.
[1] The plaintiffs contend that the commission's allowance of these higher costs in the fuel adjustment charge resulted in an unreasonable and unjust increase in the utility rates. RSA 373:7. Specifically, plaintiffs argue that the commission should have allowed a fuel charge which would have reflected the costs of fossil fuel if the unscheduled outages had not occurred. In order to prevail, the plaintiffs must demonstrate "by a clear preponderance of the evidence ... that such order is unjust or unreasonable." RSA 541:13.
[2, 3] Determination of rates to be charged by utilities is not an exact science, New England Tel. & Tel. Co. v. State, 113 N.H. 92, 302 A.2d 814 (1973), and the burden placed on plaintiffs under RSA 541:13 reflects this fact. The cornerstone for our review of the commission's decision is whether it was just and reasonable, and "[s]ince our statutes do not provide a formula for the commission to follow we are not warranted in rejecting the one employed by it unless it plainly contravenes the statutory scheme of regulation or violates our law in some other respect." New England Tel. & Tel. Co. v. State, 98 N.H. 211, 219, 97 A.2d 213, 219 (1953).
[4] The fuel adjustment charge was the commission's response to this court's ruling that some form of allowance had to be made for inevitable increases in fuel costs. See Public Service Co. v. State, 113 N.H. 497, 311 A.2d 513 (1973). The allowance of the February 1977 fuel charge reflects these increases in fuel costs, although some of the charge reflects the burning of different and higher cost fuel. We cannot say on the evidence before us that this was clearly unjust and unreasonable, especially in light of the commission's findings that these higher costs were not the result of mismanagement.
We note that the legislature had an analogous situation under consideration in 1976. RSA 378:3-a, when originally introduced as *975 S.B. 44, contained a third paragraph which read: "In computing the fuel adjustment charge, no public utility may include any increase in fuel cost to the utility caused by an electric power outage which required the utility to purchase electric power from another utility." This section of the bill was designed to have the stockholders of the utility absorb the higher expenses resulting from unscheduled outages, rather than having the fuel charge pass the costs through to the consumer. N.H.S. Jour. 29-37 (1976, page proof). Changes in a statute in the course of enactment must be considered with caution, but rejection of specific provisions are more persuasive. People for Environmental Progress v. Leisz, 373 F.Supp. 589 (C.D. Cal. 1974). The subsequent rejection by the legislature of this provision reinforces our determination that the commission's order was not unjust or unreasonable.
[5] The plaintiffs also contend that the commission erred because its report indicates that evidence of mismanagement would be required before it would deny the requested rates, rather than requiring the utility company to justify the necessity for the rate increases in accordance with RSA 378:8. We believe that the plaintiffs have misunderstood the commission's report. The report specifically states: "[W]e find that the company has met its burden of proof by a preponderance of the evidence that it is entitled to a full recovery of fuel costs above base for the data month." The commission therefore properly placed the burden under RSA 378:8 on the Public Service Company.
Appeal dismissed.