Charles F. ALLEGRE, George G. Ball, Gordon B. Denton, Mary Kay Eakin, Josef W. Fox, William E. Luck, Arlene Ruthenberg, Ruth Sevy, Keith McKean, and Leland L. Wilson, Appellees,

v.

IOWA STATE BOARD OF REGENTS, Appellant.

UNIVERSITY OF NORTHERN IOWA—UNITED FACULTY (AAUP/IHEA) and C. David Christensen, Appellees,

v.

IOWA STATE BOARD OF REGENTS, Appellant.

Nos. 66026, 66027.

Supreme Court of Iowa.

May 19, 1982.

Rehearing Denied June 29, 1982.

Charles E. Gribble of Dreher, Wilson, Adams, Jensen, Sayre & Gribble, Des Moines, for appellees.

John W. Sabbath and Harold B. Strever, Jr., of Reed, Merner, Sabbath, Strever, Kelsen, Oppold & Hansen, Cedar Falls, and Joseph E. Flynn, St. Paul, Minn., for appellant.

Considered by LeGRAND, P. J., and HARRIS, McCORMICK, LARSON, and SCHULTZ, JJ.

LeGRAND, Justice.

These two interlocutory appeals were consolidated because they raise similar issues concerning the applicability of the Iowa Administrative Procedure Act (IAPA) to actions taken by the Iowa State Board of Regents (Board). The Board is the defendant in each case. We reverse and remand.

It is conceded the Board is a state agency created under chapter 262, The Code. (All statutory references are to the 1979 Code). The sole question on appeal is whether the acts of the Board come within the statutory definition of "agency action" as that term is defined in section 17A.2(9).

In one case ten former members of the faculty of the University of Northern Iowa assert they are entitled to payment for unused and accumulated sick leave to the date of their retirement pursuant to § 79.23, The Code.

In the other case the University of Northern Iowa—United Faculty and C. David Christensen allege the Board violated the terms of a collective bargaining agreement by refusing to engage in binding arbitration concerning the Board's refusal to grant faculty tenure to Christensen.

The Board filed a special appearance in each case, asserting lack of jurisdiction because notice was not given as directed by § 17A.19(2), The Code. At all times material to this appeal the statute provided a file stamped copy of the petition was to be mailed to designated parties within ten days after the petition was filed. The statute further made the giving of notice jurisdictional. *See Dawson v. Iowa Merit Employment Commission*, 303 N.W.2d 158, 160 (Iowa 1981); *Neumeister v. City Development Board*, 291 N.W.2d 11, 14 (Iowa 1980). The statute (§ 17A.19) was amended—probably in response to these decisions—to provide for alternative methods of service. *See* Acts of the 69th General Assembly, Chapter 24, §§ 1 and 2. The amendment, however, did not become effective until after the trial court rulings in the present case. *Id.*

In both cases the resistance to the Board's special appearance asserted the cases were not within the purview of the IAPA because the conduct of the Board was no "agency action." Thus the battle lines were clearly and narrowly drawn: If the IAPA is applicable, the trial court had no jurisdiction because the notice requirements of section 17A.19(2) were ignored.

It should be noted at the outset that our definition of agency action is significantly more broad than the federal statute. This makes reliance on federal cases of little help. We point this out because the appellees argue we should adopt the somewhat restrictive language in *Pharmaceutical*

*Manufacturers Assoc. v. Kennedy*, 471 F.Supp. 1224, 1226–27 (D.C.Md.1979), and *People for Environmental Progress v. Leisz*, 373 F.Supp. 589, 591 (D.C.Cal.1974), to support the argument that *all* action is not "agency action." The real holding of these cases, however is simply that conduct must come within the statutory definition in order to qualify as "agency action." We agree with that statement but it affords appellees no comfort because of Iowa's definition of "agency action," which is as follows:

> "*Agency action*" includes the whole or a part of an agency rule or other statement of law or policy, order, decision, license, proceeding, investigation, sanction, relief, or the equivalent or a denial thereof, or a failure to act, *or any other exercise of agency discretion or failure to do so, or the performance of any agency duty or the failure to do so.*

§ 17A.2(9) (emphasis added).

The emphasized part of the statute, which is not found in the federal administrative procedure act, significantly enlarges conduct which is to be considered "agency action." We believe it is so embracive that there is little the Board could do which would be excluded. With all this in mind, we now consider the two cases separately.

## I. *The Claim for Sick Leave.*

■ For convenience all ten of these appellees will be referred to jointly under the name of Allegre.

Allegre's claim for unused and accumulated sick leave is based on section 79.23, The Code, which provides for payment not to exceed $2,000 to state employees (with certain exceptions) who retire with unused sick leave. The pleadings do not disclose the reason the Board rejected Allegre's claim; nor is that important now. For our purposes it is enough that the Board did so.

Allegre argues that this claim for unused sick leave calls for the interpretation of a statute on a matter beyond the Board's authority as limited by chapter 262, The Code, which is the Board's enabling act. From this premise, Allegre concludes the

case does not involve "agency action" because the IAPA does not apply. Therefore, Allegre contends the controversy is properly before the court.

Allegre's argument has considerable appeal; but it cannot withstand examination in view of the statutory definition of agency action. If Allegre is entitled to payment, the Board has a duty to see that payment is made. Failure to do so is a failure to perform an agency duty under the definition of agency action. Thus, the Board's denial of Allegre's claim is clearly agency action.

■ Allegre protests that it is inherently wrong to permit the Board to interpret the meaning of section 79.23, the statute under which his claim is made, because that is beyond the authority conferred on the Board by chapter 262, The Code, the enabling act under which the Board was created.

We disagree. Chapter 262 confers broad power on the Board in the area of hiring professors and instructors, fixing salaries, granting leaves, managing both real and personal property, establishing rules for governing the institutions under its control, and directing expenditures of all appropriations. § 262.9. Although not specifically mentioned, the right to decide if retiring employees are entitled to the benefits of section 79.23 is granted under that part of section 262.9 which authorize the Board to "perform all other acts necessary and proper for the execution of the powers and duties conferred upon it." § 262.9(11).

Our conclusion is supported by the fact that § 79.23 provides that claims of employees of the Board shall be filed with, and on forms supplied by, the Board. We take this as an indication the legislature intended the Board to first pass on the eligibility of its own employees for payment of unused sick leave upon their retirement. We see no other reasonable explanation for making special provision for filing of claims for those employed by the Board.

## II. *Refusal to Arbitrate.*

■ The second case deals with the Board's refusal to arbitrate concerning

Christensen's right to tenure. Christensen insists this alleged violation of the collective bargaining agreement is beyond the scope of agency action.

We again decide in favor of the Board. Chapter 262 specifically recognizes the Board's right to "carry out collective bargaining and related responsibilities." § 262.9(14). Under the collective bargaining contract, the Board must determine who is entitled to tenure. The determination of that status becomes agency action subject to judicial review as provided in section 17A.19, The Code.

In passing on these matters we have not ignored the troublesome questions raised by the appeal. We understand the objections made to the wide power given the Board and other agencies under the IAPA. The objections, however, go only to the wisdom of the act. We cannot overlook the clear signals that the legislature intended the act to be far reaching and liberally construed. As examples, we point to the virtually all inclusive definition of agency action in section 17A.2(9); to section 17A.23, which gives the IAPA precedence over any other statute "which diminishes any right conferred on requirement imposed by [chapter 17A]"; and to that same section, which directs that the chapter be broadly construed to "effectuate its purposes" and provides it shall be applicable to all agencies unless specifically exempted either by chapter 17A itself or by some other statute specifically referring to chapter 17A by name.

III. *Conclusion.*

We are convinced the statutory language compels the result reached. Moreover, we find no support for the argument the legislature intended the term "agency action" to contain the limitation sought by appellees. *Cf. Salsbury Laboratories v. Iowa Department of Environmental Quality,* 276 N.W.2d 830, 835 (Iowa 1979) (no basis for common law writ exception to judicial review provision of IAPA). If such a limitation is to be imposed, it should be by legislative action as was done with reference to the Iowa Tort Claims Act. *Cf.* § 25A.1 (limiting the effect of the IAPA on provisions of the Iowa Tort Claims Act).

We hold the actions taken by the Board in both cases constituted agency action as defined in section 17A.2(9). It follows, then, that the exclusive remedy for judicial review is under section 17A.19(1), The Code. The notice provisions of section 17A.19(2), The Code, are jurisdictional; and appellees failed to comply with this statute. Accordingly, the trial court lacked jurisdiction of the controversy. The special appearances should have been sustained. *Christensen v. Iowa Civil Rights Commission,* 292 N.W.2d 429, 430–31 (Iowa 1980). We reverse and remand for entry of such an order in each case. In doing so, we express no opinion as to whether appellees may maintain an action under the IAPA as persons who are still "aggrieved or adversely affected by [the Board's] action." § 17A.19(3).

REVERSED AND REMANDED.