**Edward JONES, Individually and d/b/a Jones Plumbing and Heating, Appellee,**

v.

**IOWA STATE BOARD OF REGENTS and the State of Iowa, Appellants.**

No. 85–979.

Supreme Court of Iowa.

April 16, 1986.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Sp. Asst. Atty. Gen., and Merle Wilna Fleming, Asst. Atty. Gen., for appellants.

John T. Nolan of Rate, Nolan, Bohanan, Moen & Lucas, Iowa City, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, WOLLE, and LAVORATO, JJ.

HARRIS, Presiding Justice.

This is a construction contract case in which the contractor recovered for "extras" beyond the contract price. The primary question on appeal is whether the contractor should have exhausted an administrative remedy before bringing suit. We affirm the trial court.

The defendant state board of regents governs seven of Iowa's educational institutions, including the University of Iowa. Iowa Code § 262.7 (1985). For simplicity the defendants will be referred to as the university. The university undertook the construction of the Carver-Hawkeye Arena pursuant to Iowa Code section 262.34 and plaintiff, a steamline contractor, was awarded a contract for part of the work. When work was completed the plaintiff (hereinafter Jones) sought payment in addition to the contract price. Jones maintained the university

required plaintiff to perform additional work, to remain on the job site even when materials were not available for installation, to hire additional workers, to rent additional equipment, to perform work in a manner contrary to standard industry operating procedures, to perform tasks out of sequence, and refused to grant time extensions.

Throughout the suit the university contended and urges on appeal that, because Iowa Code chapter 17A (administrative procedure act) constitutes the exclusive means for obtaining judicial review of agency action, this original law action was foreclosed.

The trial court rejected the university's contention; the suit was tried before and submitted to a jury on special verdicts. *See* Iowa R.Civ.P. 205. On the basis of the special verdicts the trial court entered judgment for Jones. The university's appeal followed.

I. Iowa Code section 17A.2(9) (1985) provides:

> *"Agency action"* includes the whole or a part of an agency rule or other statement of law or policy, order, decision, license, proceeding, investigation, sanction, relief, or the equivalent or a denial thereof, or a failure to act, or any other exercise of agency discretion or failure to do so, or the performance of any agency duty or the failure to do so.

The university argues that, under this broad definition, its dispute with Jones should have been resolved through administrative proceedings rather than by a common law contract action. The university contends the legislature has demonstrated repeatedly that it intended to provide the exclusive means for obtaining relief under the administrative procedure act unless it specifically provides otherwise by an express exemption from the act. Because there is no statutory exemption for breach of contract disputes, the university argues, the administrative procedure act must govern.

The university further maintains that, since the matter should have been pursued under chapter 17A, a jury trial should not have been allowed. *See Kohorst v. Iowa State Commerce Commission,* 348 N.W.2d 619, 622 (Iowa 1984).

Jones argues that, although the administrative procedure act is "appropriate for resolution of an 'intramural' dispute between two state agencies ..., the [act] is wholly inappropriate to resolve a contractual dispute between a state agency and a member of the private sector." Jones contends his right to sue the university arises from the abrogation of sovereign immunity in breach of express contract actions. *See Kersten Co. v. Department of Social Services,* 207 N.W.2d 117, 122 (Iowa 1973)

("[T]he State, by entering into a contract, waives its defense of governmental immunity and consents to be sued for breach thereof.").

The university is not dissuaded by our language in *Kersten* which indicated the State must answer in court for its breaches of contract; it points out that the *Kersten* opinion antedated the administrative procedure act.

In support of its contention that this case falls within the broad parameters of section 17A.2(9) the university cites *Allegre v. Iowa State Board of Regents,* 319 N.W.2d 206 (Iowa 1982) (*Allegre I*). *Allegre I* involved a dispute between faculty members and the University of Northern Iowa. Disputed matters included unused, accumulated sick leave benefits as well as a claim of faculty tenure. We agreed with the regents' contention that those claims involved "agency action," subjecting them to the administrative remedies provided by the regents. We said the language of 17A.2(9)

> significantly enlarges conduct which is to be considered "agency action." We believe it is so embracive that there is little the Board could do which would be excluded.

*Id.* at 208.

The university in this case points especially to the language we used to describe the sweeping changes wrought by the act:

> [W]e point to the virtually all inclusive definition of agency action in section 17A.2(9); to section 17A.23, which gives the IAPA precedence over any other statute "which diminishes any right conferred on requirements imposed by [chapter 17A]"; and to that same section, which directs that the chapter be broadly construed to "effectuate its purposes" and provides it shall be applicable to all agencies unless specifically exempted either by chapter 17A itself or by some other statute specifically referring to chapter 17A by name.

*Id.* at 209.

We added to .the definition of agency action in *Allegre v. Iowa State Board of*

*Regents,* 349 N.W.2d 112 (Iowa 1984) (*Allegre II*). Following our decision in *Allegre I* the case was remanded to district court where, on the regents' motion, it was dismissed. The district court determined the plaintiffs should have exhausted their administrative remedies through the contested case provisions of chapter 17A. On appeal from that decision we said:

> [Chapter 17A] divides administrative action into three categories: "rulemaking," adjudication (referred to as a "contested case"), and "other agency action." "Other agency action" is a residual category—if administrative action does not fall within the definition of "rulemaking" or "contested case," then it must be "other agency action."

*Id.* at 114 (citations omitted). Because we found no statutory or constitutional provisions for a hearing we concluded the dispute did not fall under the definition of "contested case" and instead constituted "other agency action." *Id.* at 116; *see also Polk County v. Iowa State Appeal Board,* 330 N.W.2d 267, 276 (Iowa 1983) (" 'Agency action' is, for all practical purposes, the gap-filler—if administrative action does not fall within the definitions of 'rulemaking' or 'contested case,' then it must be 'agency action.' ").

The trial court focused mainly on one characteristic in determining that the facts here fell outside the broad language of section 17A.9(2), even as extended by the *Allegre* cases. The distinguishing factor is that Jones, unlike the *Allegre* plaintiffs, is an independent contractor and not a university employee. We also think this distinction is of controlling significance. If Jones, rather than the university, had breached the contract, the university should not have been entitled to route the dispute through its own agency. To do so would deny Jones the right to a jury trial and would have made Jones a captive of his adversary.

Our holding in the *Allegre* cases presupposed an intra-family dispute, one in which there was a pre-established and ongoing relationship between the agency and its employees. What we defined in the *Allegre* cases did not reach the arm's length contract situations we previously described in *Kersten,* where we noted:

> We agree with those courts which say the State, by entering into a contract, agrees to be answerable for its breach and waives its immunity from suit to that extent. To hold otherwise ... is to ascribe bad faith and shoddy dealing to the sovereign.

207 N.W.2d at 120.

The trial court was correct in rejecting the university's contention that Jones should have pursued an administrative remedy.

II. In a separate assignment of error the university assails a trial court ruling which rejected its motion for judgment notwithstanding the verdict. We explained the rather stringent standard by which a trial court is to consider such a motion in *Schiltz v. Cullen-Schiltz & Associates, Inc.,* 228 N.W.2d 10, 17 (Iowa 1975). Our review of such a motion is the same. *Champlin v. Walker,* 249 N.W.2d 839, 840 (Iowa 1977).

The motion here was grounded in part on the university's belief the evidence was insufficient on the issue of damages. Under the *Schiltz* standard we agree with the trial court that the evidence was sufficient. The university also complains of a ruling which admitted an evidentiary exhibit explaining the monetary breakdown of Jones' damage claims. There was no abuse of discretion in the ruling. *See, e.g., Carter v. MacMillan Oil Co.,* 355 N.W.2d 52, 55 (Iowa 1984).

To further describe or discuss the motion would unduly extend this opinion. We have considered, and reject, all of the university's challenges to the new trial motion. We have also considered, and we likewise reject, the university's contention that, under the jury's special verdicts, the judgment should be reduced by a claimed set off of $3356.

AFFIRMED.