Emmanuel P. PAPADAKIS, Appellant,

v.

IOWA STATE UNIVERSITY OF SCI-
ENCE AND TECHNOLOGY and Iowa
State Board of Regents, Appellees,

and

Donald O. Thompson, Defendant.

No. 96–1001.

Supreme Court of Iowa.

Feb. 18, 1997.

James L. Sayre of James L. Sayre, P.C.,
Des Moines, for appellant.

Thomas J. Miller, Attorney General, Diane
Stahle, Special Assistant Attorney General,
and Cecelia C. Ibson, Assistant Attorney
General, for appellees.

Considered by McGIVERIN, C.J., and
CARTER, LAVORATO, NEUMAN, and
ANDREASEN, JJ.

CARTER, Justice.

Emmanuel P. Papadakis, a faculty member
at Iowa State University, appeals from the
district court's ruling that his contract dis-
pute with the university must be resolved
through the administrative and judicial re-
view procedures of Iowa Code chapter 17A
(1995) and may not be made the subject of a
declaratory judgment action under Iowa
Rule of Civil Procedure 262. The court of
appeals affirmed the district court. We
granted further review of that decision and,
after considering the arguments presented,
affirm the decision of the court of appeals
and the judgment of the district court.

Appellant was employed as a research sci-
entist working for the Center for Nondes-
tructive Evaluation (CNDE), a part of the
Institute for Physical Research and Technol-
ogy (IPRT), at Iowa State University. He
was appointed to this position on November
30, 1987. The written letter of appointment
embodying the terms of his employment
showed on its face a period of three years
from July 1, 1987, to June 30, 1990. The
letter of appointment specified, however, that
appellant would in fact have a three-year
rolling tenure, so that his employment would
be continuous subject to three years' notice
of termination. A second letter of appoint-
ment concerning appellant's employment was
issued in August of 1990. It specified a
period from July 1, 1990, to June 30, 1993,
but provided for a continuation of appellant's

rolling tenure terminable by three years' notice of termination.

On May 8, 1992, the director of the CNDE sent the following communication to appellant:

As was indicated to you during last year's evaluation process and delineated in Jerry Jenison's memo dated July 8, 1991, there is a great deal of importance placed on researchers generating outside support for their work since funding from state appropriations is clearly not guaranteed. Because of this uncertainty in funding, it is not in the best interest of the Center for Nondestructive Evaluation (CNDE), or the Institute for Physical Research and Technology (IPRT) to commit to appointments for any substantial period of time. Thus, CNDE is officially terminating your "rolling tenure" appointment, which is the only remaining appointment as such in IPRT, and I will not extend such offers in the future. Accordingly, your current appointment with the three year rolling tenure will be terminated effective May 31, 1995. Subject to continuing funding levels, your position will be maintained at its current level until that date. Any appointment beyond the 1995 date will be determined at some point in the future.

The dispute involved in the present litigation arose from a purported letter of appointment issued to appellant after the May 8, 1992 letter.

In January of 1993 a letter of appointment was issued, which, on its face, covered the period from January 1, 1993, to June 30, 1996. The language establishing a three-year rolling tenure that had been included in appellant's prior letters of appointment was not contained in the January 1993 document. Appearing in that document after the termination date of June 30, 1996, was an asterisk, and below this the following language appeared.

*The appointment is contingent on continued appointment by Center for NDE (IPRT). Rank only in EECpE Dept. the conditions and duration of the salaried obligations per existing agreements between Dr. Papadakis and Ames Lab/IPRT. All salary to be paid by Ames Lab/IPRT.

On May 31, 1995, the university ceased to pay appellant's salary and canceled all employment benefits. It based this action on the May 8, 1992 letter of termination. Appellant contends that his contract of employment extended beyond May 31, 1995. He sought a declaratory judgment to that effect in Count II and Count III of a petition at law filed against Iowa State University and the Iowa State Board of Regents. In Count IV of that petition, he asserted a claim for damages for an alleged breach of his employment contract by the university and the board.[1]

The appellees moved to dismiss all of the contract claims against them on the ground that the subject matter of those claims involved agency action as defined in Iowa Code section 17A.2(2) and, as such, could only be brought before a court by means of the statutory procedures for reviewing agency action contained in section 17A.19. The district court sustained this challenge on the grounds urged in appellees' motion and dismissed Counts II, III, and IV. The court of appeals affirmed the judgment of the district court.

We granted further review of the court of appeals decision to consider whether there is in fact a statutory mandate committing all disputes over the terms of employment contracts of state employees to an administrative adjudication process reviewable only under the procedures established in section 17A.19. We have previously answered that question in the affirmative with respect to issues involving the withholding of faculty tenure by a state university. *See Genetzky v. Iowa State Univ.,* 480 N.W.2d 858, 861 (Iowa 1992); *Black v. University of Iowa,* 362 N.W.2d 459, 462 (Iowa 1985); *Allegre v. State Bd. of Regents,* 319 N.W.2d 206, 209

---

1. The first count in appellant's petition contains no claim for relief. It consists of common factual allegations upon which the claims in the subsequent counts are based. Counts V, VI, and VII contained tort claims against Iowa State University and the Board of Regents and his immediate supervisor, Donald O. Thompson. Those tort claims were dismissed by the district court on the ground that appellant had not filed a claim with the State Appeals Board. That ruling is not challenged on this appeal.

(Iowa 1982). Tenure decisions, however, relate much more directly to issues of academic qualification within the expertise of the Board of Regents than do the issues in the present case. At issue here is the interpretation of employee rights under an express contract.

State agencies must necessarily contract with members of the public to obtain needed goods and services. We have recognized that the state is legally responsible for its contractual obligations in an action to enforce such agreements. *See Kersten Co. v. Department of Soc. Servs.*, 207 N.W.2d 117, 122 (Iowa 1973) (state by entering into contract agrees to be answerable for its breach and waives its immunity from suit to that extent). We do not believe that it was the intent of the legislature in enacting chapter 17A to relegate all contractual claims against the state to an administrative determination. Our recent decision in *Hornby v. State*, 559 N.W.2d 23, 25 (Iowa 1997), in which we held that a dispute over benefits owed a retired employee of a state university could be pursued as an ordinary breach-of-contract action, appears to negate that portion of our holding in *Allegre* dealing with benefits due retired and former employees of a state university.

As a result of this conclusion, we now disapprove the suggestion made in *Allegre*, 319 N.W.2d at 209, that any action or inaction by an agency, as defined in section 17A.2(1) and (2) is reviewable only under the procedures of chapter 17A. In order for this to be the case, the action or inaction in question must bear a discernible relationship to the statutory mandate of the agency as evidenced by express or implied statutory authorization. We are convinced, however, that personnel issues of the type involved in the present case have been made the subject of a prescribed administrative procedure undertaken in conformance with express statutory authorization.

We have recognized that the contractual rights of public employees are frequently a creature of statute. *Lee v. Halford*, 540 N.W.2d 426, 429 (Iowa 1995). It is specified in Iowa Code section 19A.3(5) that, in lieu of the merit system applicable to other state employees, all "professional and scientific personnel" under the jurisdiction of the State Board of Regents shall be subject to personnel rules adopted by that agency. The Board of Regents has adopted such rules, which specify in detail how appointments of professional and scientific personnel shall be made, how such employment shall be terminated, and which establish a grievance and appeal procedure under which affected employees can challenge agency action that is adverse to them.

Iowa Administrative Code rule 681–3.129(1) allows individual institutions such as Iowa State University to establish their own grievance and appeal policies. Iowa State University has done this. A portion of this policy deals with "Adjunct Appointments." All of appellant's letters of appointment designated him as adjunct faculty. These are appointments that are neither tenured nor on a tenure track. Adjunct faculty are appointed for terms of one to three years. Under this written policy, the appointments terminate at the conclusion of the time specified in the current letter of appointment if not renewed. Intent not to renew the appointment must be given according to the policy directives. Adjunct appointees who are not reappointed are entitled to a statement of reasons for not being reappointed. They may appeal the decision not to reappoint them through an administrative channel leading to the president of the university or, if they choose, to a faculty appeals committee. Under either route of appeal, an adverse decision may be appealed to the State Board of Regents.

We are convinced that the type of controversy involved in the present case has been relegated to an administrative process by section 19A.3(5) and that review of agency action taken with respect to that administrative process is subject to challenge in the district court only as provided in section 17A.19. Although appellant seeks to negate the applicability of section 17A.19 by urging that no agency action had occurred at the time the present action was commenced, that contention views agency action as being some procedure to review the decision not to reappoint him. Actually, the agency action that

triggers the applicability of section 17A.19 was the cessation of appellant's salary and benefits on May 31, 1995.

We also reject appellant's contention that, because Iowa Rule of Civil Procedure 262 provides that any person whose rights or status is affected by a contract may seek a declaratory judgment as to the construction or validity thereof, resort to an administrative remedy is not required. That argument is tied not only to rule 262 but also to rule 261, which provides that "the existence of another remedy does not preclude a judgment for declaratory relief." We have previously rejected a similar argument in *City of Des Moines v. Des Moines Police Bargaining Unit Ass'n*, 360 N.W.2d 729 (Iowa 1985). We applied the following principle in that case: "The declaratory judgment procedure will not be used to preempt and prejudice issues that are committed for initial decision to an administrative body." *City of Des Moines*, 360 N.W.2d at 731 (quoting 26 C.J.S. *Declaratory Judgments* § 17, at 85 (1956)). In *Iowa Department of Transportation v. Iowa District Court*, 534 N.W.2d 457 (Iowa 1995), we stated:

> [W]hen a party seeks a declaratory judgment on a matter "entrusted exclusively in the first instance to an administrative agency," the court must refuse to issue a ruling unless the action "is indistinguishable in substance from a petition for judicial review and all of the jurisdictional prerequisites for judicial review of agency action" have been met.

*Iowa Dep't of Transp.*, 534 N.W.2d at 459. The denial of declaratory relief in a matter subject to administrative review was most recently approved in *IES Utilities, Inc. v. Iowa Department of Revenue & Finance*, 545 N.W.2d 536, 540–41 (Iowa 1996). We conclude that the principle applied in these three cases is applicable to and serves to defeat appellant's argument in the present case.

As a final matter, we reject appellant's contention that appellees' motion to dismiss was an improper "speaking motion." All of the information necessary to characterize appellees as an "agency" and the issue in dispute as "agency action" appear on the face of appellant's petition. We have considered all

issues presented and conclude that the decision of the court of appeals and judgment of the district court should be affirmed.

**DECISION OF COURT OF APPEALS AND DISTRICT COURT JUDGMENT AFFIRMED.**