Frank B. FIEDLER, Plaintiff-Appellant,

v.

Charles CLARK, Acting Director of the Department of Health of the State of Hawaii, et al., Defendants-Appellees.

No. 82–4313.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 1983.

Decided Aug. 22, 1983.

* Honorable John W. Peck, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

Christopher R. Evans, Honolulu, Hawaii, for plaintiff-appellant.

David C. Schutter, Richard J. Bender, Cades Schutte Fleming & Wright, John T. Komeiji, Jay W. Nelson, Honolulu, Hawaii, Jacques B. Gelin, Atty., Dept. of Justice, Washington, D.C., for defendants-appellees.

Before BROWNING, Chief Judge, WRIGHT and WALLACE, Circuit Judges.

PER CURIAM:

Fiedler brings this action against Hawaii's pineapple growers, dairy farmers, dairy processors, the State of Hawaii, and the United States for declaratory and injunctive relief against contamination of dairy products with the pesticide heptachlor.

Jurisdiction is alleged under the Declaratory Judgment Act, 28 U.S.C. § 2201; the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301–379a; the Federal Insecticide, Fungicide and Rodenticide Act, 7 U.S.C. §§ 136–136y as amended by the Federal Environmental Pesticide Control Act of 1972; and the Hawaii State Constitution, article XI, section 9.

The district court concluded that none of these statutes invested it with subject matter jurisdiction and dismissed the complaint. We affirm.

## I.

Fiedler contends the district court abused its discretion by dismissing the complaint *sua sponte*. But the district court did not dismiss the complaint *sua sponte;* a motion to dismiss was filed by one of the defendants, Meadow Gold Dairies, for lack of subject matter jurisdiction. In any event, a federal court may dismiss *sua*

*sponte* if jurisdiction is lacking. *See, e.g., Mansfield, Coldwater & Lake Michigan Railway v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884); *Smith v. Grimm,* 534 F.2d 1346, 1349 n. 4 (9th Cir. 1976). *See also* Fed.R.Civ.P. 12(h)(3).

## II.

We agree with the district court that none of the statutes cited by Fiedler confers jurisdiction over his claim.

■ The Declaratory Judgment Act does not provide an independent jurisdictional basis for suits in federal court. *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671–74, 70 S.Ct. 876, 878–80, 94 L.Ed. 1194 (1950). It only permits the district court to adopt a specific remedy when jurisdiction exists. *Id.* at 671, 70 S.Ct. at 878.

■ The Federal Food, Drug and Cosmetic Act confers jurisdiction on the district court, 21 U.S.C. § 332(a), but requires that "[a]ll such proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States." *Id.* § 337. Since Fiedler is a private party suing in his own name, there is no jurisdiction under the Act.

The Federal Insecticide, Fungicide and Rodenticide Act [FIFRA], as revised by the Federal Environmental Pesticide Control Act of 1972, 7 U.S.C. §§ 136–136y, confers jurisdiction on the district court "specifically to enforce, and to prevent and restrain violations" of the Act. 7 U.S.C. § 136n(c). FIFRA also grants the Environmental Protection Agency [EPA] and the Attorney General of the United States power to enforce the Act. *See* 7 U.S.C. § 136*l*. FIFRA does not state, however, that the enforcement powers of either the EPA or the Attorney General are exclusive or that they otherwise expressly or by necessary implication preclude an enforcement action by a private citizen.

■ Four factors determine whether Congress intended to create a private right of action: (1) whether the plaintiff is one of the class for whose "especial" benefit the statute was enacted; (2) whether there is any indication of legislative intent to create or deny such a remedy; (3) whether such remedy is consistent with the purpose of the act; and (4) whether the cause of action is one traditionally relegated to state law. *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087–88, 45 L.Ed.2d 26 (1975). *See also California v. Sierra Club,* 451 U.S. 287, 293, 101 S.Ct. 1775, 1779, 68 L.Ed.2d 101 (1981).

■ Neither of the first two factors is present here. FIFRA does not "unmistakably focus on any particular class of beneficiaries whose welfare Congress intended to further." Rather, the Act states "no more than general proscription of certain activities." Such language does not indicate an intent to provide for private rights of action. *California v. Sierra Club,* 451 U.S. at 294, 101 S.Ct. at 1779.

The legislative history confirms that Congress did not intend to create a private right of action under FIFRA. Congress considered and explicitly rejected amendments that would have authorized citizen suits, including suits against the EPA Administrator for failure to perform nondiscretionary duties or for failure to investigate and prosecute violations. S.Rep. No. 970, 92d Cong., 2d Sess., *reprinted in* 1972 U.S.Code Cong. & Ad.News 4092, 4106, 4125; S.Rep. No. 838, 92d Cong., 2d Sess., *reprinted in* 1972 U.S.Code Cong. & Ad. News 3993, 4060–61, 4090; Conf.Rep. No. 1540, 92d Cong., 2d Sess., *reprinted in* 1972 U.S.Code Cong. & Ad.News 4130, 4134. *Accord, In re "Agent Orange" Product Liability Litigation,* 635 F.2d 987, 991–92 n. 9 (2d Cir.1980).

■ Fiedler contends the district court had jurisdiction because he is suing as a private Attorney General on behalf of citizens of Hawaii rather than as a private citizen. Fiedler relies on *Kelley v. Butz,* 404 F.Supp. 925 (W.D.Mich.1975), which allowed an action under FIFRA by the Michigan Attorney General on behalf of citizens of Michigan together with article XI, section 9 of the Hawaii Constitution, which Fiedler reads as granting private citizens all the authority possessed by the Attorney

General of Hawaii to sue on behalf of the citizens of Hawaii in environmental cases.[1]

The legislative history of article XI, section 9 of the Hawaii Constitution suggests the legislature was attempting to remove barriers to standing to sue, not to enlarge the subject matter jurisdiction of the federal courts. In any event, "[in] determining jurisdiction, district courts of the United States must look to the sources of their power, article III of the United States Constitution and Congressional statutory grants of jurisdiction, not to the acts of state legislatures. However extensive their power to create and define substantive rights, the states have no power directly to enlarge or contract federal jurisdiction." *Duchek v. Jacobi,* 646 F.2d 415, 419 (9th Cir.1981).

AFFIRMED.

---

1. Article XI, section 9 of the Hawaii State Constitution provides:

Each person has the right to a clean and healthful environment, as defined by laws relating to environmental quality, including control of pollution and conservation, protection and enhancement of natural resources. Any person may enforce this right against any party, public or private, through appropriate legal proceedings, subject to reasonable limitations and regulation as provided by law.