Richard and Jane RODRIGUEZ, husband and wife; and Ibrahin D. and Mabel M. Rodriguez, husband and wife, Plaintiffs,

v.

AMERICAN CYANAMID COMPANY, a foreign corporation, et al., Defendants.

No. CIV 91–2023–PHX–EHC.

United States District Court, D. Arizona.

July 26, 1994.

---

William P. Hovell, Tilker Hovell & Deponte, Scottsdale, AZ, for plaintiffs.

Robert William Blesch, O'Connor Cavanagh, Anderson Westover, Killingsworth & Beshears, Phoenix, AZ, for defendants.

## ORDER

CARROLL, District Judge.

### I. *Background*

Plaintiffs Ibrahin and Mabel Rodriguez purchased a mobile home for their son and daughter-in-law, Plaintiffs Richard and Jane Rodriguez. Richard and Jane purchased a package of three Combat indoor fogger "bug bombs." On September 16, 1990, Richard and Jane set off the foggers while a stove pilot light was burning. The can and carton directions tell users to extinguish flames and pilot lights before activation. Within minutes, a fire exploded, virtually destroying the mobile home. The Tempe Fire Department Report valued the building at $14,000.00 and its contents at $6,500.00. The report also concluded that ignition of flammable pesticide and/or propellant by the pilot light of the stove caused the fire.

Plaintiffs filed a Complaint naming as defendants American Cyanamid (the distributor of Combat), Chemisco Incorporated (the manufacturer of Combat), and Chemisco's parent company, United Industries. The Complaint was amended in April, 1993. The Amended Complaint includes claims for Strict Liability (Count One); Negligence (Count Two); Breach of Warranty (Count Three); and Punitive Damages (Count Four). Plaintiffs allege that American Cyanamid knew of and concealed the hazards associated with its product.

On July 27, 1993, this Court ruled on Defendants' Motion for Partial Summary Judgment on the issue of preemption (dkt. 88). The Court held that the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), 7 U.S.C. § 136 *et seq.*, preempted the plaintiffs' state law claims to the extent that they relied solely upon omissions or inclusions in product labeling. However, the Order did not preclude failure-to-warn claims based on express warranty, intentional fraud, and misrepresentation, or claims based upon other negligence theories. This Order did not dismiss any of the plaintiffs' claims, but rather narrowed the legal basis for these claims.

In November, 1993, the defendants filed a second motion for partial summary judgment, addressing the plaintiffs' claims for

Negligence (Count II) and Punitive Damages (Count IV).

## II. *Discussion*

### A. *Negligence*

Count II of the plaintiffs' Amended Complaint states a claim for negligence. Plaintiffs assert that Defendants breached their duty of reasonable care in two ways. First, Defendants breached their duty by

failing to act as a reasonable designer, manufacturer, labeler, and/or package [sic] and by failing to warn of a danger reasonably foreseeable to a reasonable consumer.

Moreover, Plaintiffs allege,

Defendants also breached their duty of reasonable care by not informing E.P.A. of the fire hazard known by Defendants to be associated with the foreseeable use of the product.

Amended Complaint at XIII (dkt. 75).

Defendants' Motion for Partial Summary Judgment addresses only this second allegation. The defendants ask that the Court find as a matter of law that Plaintiffs' negligence claim in Count II cannot be based upon American Cyanamid's purported violation of FIFRA reporting requirements.

■ The plaintiffs allege that American Cyanamid received five or six reports of fires related to the use of Combat foggers and withheld that information from the EPA. *See* Plaintiffs' SOF, Exh. G, J, K, M. (dkt. 56). On June 25, 1987, the EPA announced a mandatory Relabeling Program, requiring all pesticide producers to amplify flammability warnings on their containers. *Id.,* Exh. O. Six months later, however, the EPA rescinded the program due to "a lack of sufficient anecdotal information." In the cancellation announcement, the EPA admonished producers that: "You are reminded that you are required to report adverse incidents involving your pesticide products, including fires/explosions, under Section 6(a)(2) of the Federal Insecticide, Fungicide and Rodenticide Act." *Id.,* Exh. P. Plaintiffs assert that American Cyanamid violated FIFRA by remaining silent concerning these reported accidents and thus was negligent per se.

■ A statutory violation is negligence per se if the court allows the statute to stand in for the reasonable standard of conduct. The infraction then constitutes a deviation from the standard of care, and the plaintiff need not prove the existence of a duty and a breach. Arizona courts follow the rule set forth in the Restatement of Torts. *See, e.g., Carrillo v. El Mirage Roadhouse, Inc.,* 164 Ariz. 364, 369, 793 P.2d 121 (App.1990). Under the Restatement:

The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part:

(a) to protect the particular class of persons which includes the one whose interest is invaded, and

(b) to protect the particular interest which is invaded, and

(c) to protect that interest against the kind of harm which has resulted, and

(d) to protect that interest against the particular hazard from which the harm results.

Restatement (Second) of Torts § 286 (1965).

■ "[A] fundamental requirement in applying the doctrine of negligence per se is that the party asserting negligence per se be a member of the class intended to be protected by the statute or regulation." *Delgado v. Southern Pacific Transport. Co.,* 763 F.Supp. 1509, 1517 (D.Ariz.1991).

Courts considering whether to recognize negligence per se based on violation of broad environmental and public health statutes and regulations such as FIFRA have approached this issue by determining whether, in enacting the statute, the legislature intended to create a private right of action. *See, e.g., Lutz v. Chromatex, Inc.,* 718 F.Supp. 413, 428 (M.D.Pa.1989) ("The issue of whether a plaintiff can assert a cause of action based on negligence *per se* is closely related to the question of whether a private cause of action exists under a statute").

In *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975), the Supreme Court set forth a four-part test for

determining whether a private right of action may be implied from a statute: (1) is the plaintiff a member of the class for whose special benefit the statute was enacted; (2) is there any indication of legislative intent to create such a remedy or to deny one; (3) is it consistent with the underlying purposes of the legislative scheme to imply such a remedy; (4) is the cause of action one not traditionally relegated to state law in an area basically the concern of the state, so that it would be inappropriate to infer a cause of action based solely on state law.

Courts considering whether to imply a private right of action for damages under environmental and public health legislation have focused on the first and second elements, and tend to find that when such statutes are enacted with a broad purpose of protecting the public, there is not legislative intent to create a private right of action for recovery of damages. In *Gammill v. United States*, 727 F.2d 950 (10th Cir.1984), the Tenth Circuit found that there could be no private right of action for damages under state statutes requiring doctors to notify public health authorities when a patient was diagnosed with an infectious disease. The purpose of the statute was to benefit the public, rather than any specific individual or class of persons. "Colorado courts have long held that such statutes may not be used for the recovery of individual damages because the duty created by them is public, not private; the violation of these statutes is consequently redressed by public, not private, prosecution." *Id.* at 953. The court concluded that "the statute simply creates no duty running to specific individuals supporting a private claim of negligence." *Id.* at 954.

In *Welch v. Schneider Nat. Bulk Carriers*, 676 F.Supp. 571 (D.N.J.1987), the plaintiff was injured while cleaning his employer's truck with a chemical solvent. The plaintiff alleged that the employer violated the Toxic Substances Control Act (TSCA) and the state Worker and Community Right to Know Act, which required employers to provide workers and the community with information regarding toxic and harmful substances in the environment. The court found that citizen suits under TSCA were intended only for purposes of restraining violations of the Act, not for recovery of damages for personal injuries. *Id.* at 577. With respect to the state statute, the court found that the legislature intended no such private right of action for damages: "The statute is regulatory in nature, designed to monitor harmful substances in the environment and provide the public with information about these threats to their health." *Id.* at 575.

The Ninth Circuit has twice declined to recognize citizen suits for injunctive relief pursuant to FIFRA. In *Fiedler v. Clark*, 714 F.2d 77 (9th Cir.1983), the plaintiff sought declaratory and injunctive relief against dairy farmers, pineapple growers, and the State of Hawaii with respect to the contamination of dairy products with a pesticide. The Ninth Circuit affirmed the district court's dismissal of the suit for lack of subject matter jurisdiction. One of the bases for the suit was FIFRA. The Ninth Circuit found that "the legislative history confirms that Congress did not intend to create a private right of action under FIFRA." This plaintiff was not a member of the class for whose special benefit the statute was enacted and there was no indication in the legislative history that Congress intended to create such a remedy. *Id.* at 79.

In *Almond Hill School v. U.S. Dept. of Agriculture*, 768 F.2d 1030 (9th Cir.1985), the Ninth Circuit found that plaintiffs could not maintain an action pursuant to 42 U.S.C. § 1983 seeking injunctive relief under FIFRA. The court found that Congress had foreclosed private enforcement of the statute. *Id.* at 1036. This conclusion was based in part on the comprehensiveness of the FIFRA enforcement scheme. Moreover, the court found that use of § 1983 to enforce FIFRA would undermine that enforcement scheme. Congress invested considerable discretion in the EPA Administrator, and

> The delicate remedial balance inherent in this broad grant of administrative discretion could be upset by the bringing of private suits or even the constant threat of such litigation. This concern offers partial explanation for the explicit congressional

rejection of citizen suits as a means of enforcing the Act.

*Id.* at 1038.

A number of other courts have declined to recognize a private right of action or a claim of negligence per se based on violation of FIFRA. In *In re Agent Orange Product Liability Litigation,* 635 F.2d 987 (2d Cir. 1980), veterans brought a suit for damages against companies that had supplied the government with herbicides during the Vietnam War. The Second Circuit found that the plaintiffs had no right of action under federal common law, and agreed with the district court that the plaintiffs had no cause of action under FIFRA. *Id.* at 989 n. 3. The court found that it was clear that a private right of action was unavailable under the statute: "Congress considered and explicitly rejected amendments that would have authorized citizen suits to enforce the 1972 Act's prohibitions ... It is not for us to override that Congressional determination." *Id.* at 992 n. 9. *See also People for Environmental Progress v. Leisz,* 373 F.Supp. 589, 592 (C.D.Cal.1974) (injunctive relief); *Dine v. Western Exterminating Co.,* 1988 WL 25511 (D.D.C.1988) (damages); *Patterson v. Amos,* 1991 WL 575826 (W.D.Mich.1991) (damages).

As these courts have noted, Congress specifically considered and rejected amendments to FIFRA that would have provided for citizen suits. *See* S.Rep. No. 92–838, 92d Cong., 2d Sess. (1972), *reprinted in* 1972 U.S.C.C.A.N. 3993, 4003 (Committee on Agriculture and Forestry); S.Rep. No. 92–970, 92d Cong., 2d Sess. (1972), *reprinted in* 1972 U.S.C.C.A.N. 4092, 4093 (Committee on Commerce).

■ This Court is persuaded that Congress did not intend to create a private right of action under FIFRA and that violation of the statute may not be the basis for a negligence per se claim in a personal injury suit for damages. The Ninth Circuit has declined to recognize citizen suits for injunctive relief under FIFRA. *See Fiedler v. Clark,* 714 F.2d 77 (9th Cir.1983); *Almond Hill School v. U.S. Dept. of Agriculture,* 768 F.2d 1030 (9th Cir.1985). A claim for damages such as this one must be similarly foreclosed. Accordingly, the Court will grant Defendants'

Motion for Partial Summary Judgment with respect to Count II; Plaintiffs may not proceed to trial on a negligence per se theory based on Defendants' purported violation of FIFRA.

**B. *Punitive Damages***

■ Summary judgment on the issue of punitive damages is inappropriate "if a reasonable jury could find the requisite evil mind by clear and convincing evidence." *Thompson v. Better–Bilt Alum. Prod. Co., Inc.,* 171 Ariz. 550, 558, 832 P.2d 203 (1992). In Arizona, punitive damages may be recovered only under "special circumstances," and must be based on more than gross negligence. *Rawlings v. Apodaca,* 151 Ariz. 149, 162, 726 P.2d 565 (1986). The concept of punitive damages is limited:

> We restrict its availability to those cases in which the defendant's wrongful conduct was guided by evil motives. Thus, to obtain punitive damages, plaintiff must prove that defendant's evil hand was guided by an evil mind.

*Id.,* 151 Ariz. at 162, 726 P.2d 565.

■ The plaintiffs allege that Defendant Cyanamid is liable for punitive damages because it knew of prior incidents of fires and explosions involving the Combat Room Fogger product and nonetheless distributed the product with the knowledge or conscious disregard that the product was dangerous. The Court finds that there is a sufficient basis in the record at this stage to send the question of punitive damages to the jury. *See Hooper v. Truly Nolan of America, Inc.,* 171 Ariz. 692, 832 P.2d 709 (App.1992). The Court will deny Defendants' Motion for Partial Summary Judgment on Count IV without prejudice to its being resubmitted at the time of trial.

**III. *Conclusion***

Accordingly, for the reasons previously set forth,

**IT IS ORDERED** granting in part and denying in part Defendants' Motion for Partial Summary Judgment (dkt. 105). The motion is granted with respect to the plaintiffs'

132

claim based on negligence per se. The motion is denied without prejudice with respect to punitive damages.

**IT IS FURTHER ORDERED** setting a pretrial conference in this matter on Monday, August 8, 1994 at 9:30 a.m. Counsel should be prepared to discuss a trial date at this hearing.