**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 09 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN DE LA TORRE-FLORES; SERVANDO DE LA TORRE, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> JANET A. NAPOLITANO, Secretary Department of Homeland Security; HILLARY RODHAM CLINTON, Secretary of the U.S. Department of State; YOLANDA MIRANDA, Field Office Director, Ciudad Juarez Field Office, <br><br> Defendants - Appellees. | No. 12-56548 <br><br> D.C. No. 3:11-cv-02698-IEG-WVG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Senior District Judge, Presiding

Submitted April 7, 2014[**]
Pasadena, California

Before: THOMAS, M. SMITH, and CHRISTEN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Juan De La Torre-Flores ("De La Torre-Flores") and Servando De La Torre appeal from the district court's order dismissing their action with prejudice for both lack of subject matter jurisdiction and failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the history of the case, we will not recount it here. We review de novo a dismissal for lack of subject matter jurisdiction. *Am. Fed'n of Gov't Emps., AFL-CIO Local 2152 v. Principi*, 464 F.3d 1049, 1052 (9th Cir. 2006).

The district court properly dismissed the complaint for lack of subject matter jurisdiction. The four bases upon which De La Torre-Flores asserted subject matter jurisdiction fail, as he concedes on appeal. First, "[t]he Declaratory Judgment Act does not provide an independent jurisdictional basis for suits in federal court." *Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983). Second, because De La Torre-Flores did not allege that an agency failed to act upon a nondiscretionary duty, jurisdiction also fails under the Administrative Procedure Act, *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004), and under mandamus, *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998). Third, as to whether De La Torre-Flores's 1998 expedited removal was erroneous, the district court lacks jurisdiction "to review . . . any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of

2

an order of removal pursuant to section 1225(b)(1)."  8 U.S.C. § 1252(a)(2)(A).

Finally, jurisdiction over any constitutional challenge to the expedited removal regime is specifically limited to actions "instituted in the United States District Court for the District of Columbia."  8 U.S.C. § 1252(e)(3)(A).  Accordingly, the district court properly dismissed the action for lack of subject matter jurisdiction.

Given the lack of subject matter jurisdiction, we need not reach any other issue urged by the parties.

**AFFIRMED.**