**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT CHANDLER, as representative of the estate of Rosemary S. Chandler, individually and on behalf of all others similarly situated, <br><br>            Plaintiff - Appellant, <br><br>    v. <br><br> WELLS FARGO BANK, N.A. and FEDERAL NATIONAL MORTGAGE ASSOCIATION a/k/a FANNIE MAE, <br><br>           Defendants - Appellees. | No. 14-15069 <br><br> D.C. No. 3:11-cv-03831-SC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Samuel Conti, Senior District Judge, Presiding

Argued and Submitted February 12, 2016
San Francisco, California

Before: SCHROEDER and NGUYEN, Circuit Judges and ADELMAN,[**] District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]   The Honorable Lynn S. Adelman, District Judge for the U.S. District Court
for the Eastern District of Wisconsin, sitting by designation.

Robert Chandler appeals the district court's order dismissing his claims for declaratory judgment, breach of contract, and violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200. All three of Chandler's claims are predicated on substantially the same allegations: following his mother's death, defendants wrongfully foreclosed on her home in violation of the terms of her home equity conversion mortgage (HECM) and associated HUD regulations. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. Chandler alleges that defendants breached paragraph 9 of the HECM deed of trust by failing to properly notify the estate of its right to sell the home at 95% of its appraised vale (the FMV Rule), misrepresenting that he could only satisfy the HECM by paying the full balance, and otherwise refusing to honor attempts by heirs to satisfy the terms of the HECM by using the FMV Rule. Neither the plain language of paragraph 9 nor any other language in the HECM documents supports Chandler's position: the HECM grants certain rights—including rights relating to the FMV Rule—to the "Borrower," but limits that term to the individual who signed the HECM, and there is no indication that the death of the HECM borrower should trigger the type of notice that Chandler seeks. To the extent that Chandler relies on HUD regulations to support his breach of contract claim, his argument fails because the HECM does not incorporate them.

2

*Compare, e.g., Sybrandy v. U.S. Dep't of Agric., Agric. Stabilization & Conservation Serv.*, 937 F.2d 443, 445-46 (9th Cir. 1991).

2.  Chandler argues that the same factual allegations show a pattern or practice of unfair, unlawful, or fraudulent conduct in violation of the California UCL.  However, he points to no specific California law as a basis for his UCL claim, and as discussed above, defendants did not act in breach of the HECM contract.  Applicable guidance from HUD, while not entirely clear, likewise does not support the claim that defendants violated the UCL.  First, as the district court correctly noted, HUD regulations do not provide for the type of notice demanded by Chandler here.  *See* 24 C.F.R. § 206.125(a)(2) (borrower's death does not trigger notice provision).  Second, HUD's own interpretation of its regulations at the time of Chandler's mother's death prohibited exactly the type of non-arm's-length FMV Rule transaction he sought.  *See* HUD Mortgagee Letter 2008-38.  HUD rescinded this interpretation less than one month before the Chandler foreclosure, but it did not announce a new rule *allowing* such transactions at that

time. *See* HUD Mortgagee Letter 2011-16.[1] Instead, it simply pointed to other HUD-issued materials for guidance—materials that are far from clear and that appear to conflict with the terms of the governing HECM.

3. Chandler's claim for declaratory relief is based on the same allegations and legal theories. As such, it necessarily fails as well. *See* 28 U.S.C. § 2201; *Fiedler v. Clark*, 714 F.2d 77, 78-79 (1983) (per curiam).

**AFFIRMED.**

---

[1] Following oral argument, Chandler moved to supplement the record. Defendants filed an opposition, and Chandler filed a reply. Chandler offers no persuasive authority for the motion, and no explanation as to why the evidence was not otherwise before the district court. The motion is denied. *See Trans-Sterling, Inc. v. Bible*, 804 F.2d 525, 528 (9th Cir. 1986).