FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HEIDI M. LOBSTEIN; MARGUERITE DESELMS, | No.  20-55998 |
| Plaintiffs-Appellants, | D.C. No. 2:19-cv-07615-SVW-JPR |
| v. | |
| WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-OC1, Erroneously Sued As US Bank National Association as Trustee, successor in interest to Bank of America, National Association as successor by merger to Lasalle Bank NA; POLICEMENS ANNUITY AND BENEFIT FUND OF THE CITY OF CHICAGO; LABORERS PENSION FUND AND HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY; IOWA PUBLIC EMPLOYEES RETIREMENT SYSTEM; ARKANSAS PUBLIC EMPLOYEES RETIREMENT SYSTEM; VERMONT PENSION INVESTMENT COMMITTEE; WASHINGTON STATE INVESTMENT BOARD; ARKANSAS | MEMORANDUM* |

---

 * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

TEACHER RETIREMENT SYSTEM; PUBLIC EMPLOYEES RETIREMENT SYSTEM OF MISSISSIPPI; CITY OF TALLAHASSEE RETIREMENT SYSTEM; CENTRAL STATES SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; ALAN DAVID TIKAL, as Trustee of the KATN Revocable Living Trust,

Defendants-Appellees.

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted November 16, 2021 [**]
San Francisco, California

Before: FERNANDEZ, SILVERMAN, and NGUYEN, Circuit Judges.

Heidi Lobstein and Marguerite Deselms (collectively, Lobstein) appeal pro se from the district court's order dismissing, with prejudice, their third amended complaint for failing to state a claim. We affirm.

The district court did not err in dismissing Lobstein's claims against U.S. Bank, National Association (US Bank) as trustee of the Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-OC1 Trust (WMALT

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Trust).[1]  The district court correctly dismissed Lobstein's wrongful foreclosure

claim because Lobstein did not allege that a foreclosure sale had occurred.  *See*

*Perez v. Mortg. Elec. Registration Sys., Inc.*, 959 F.3d 334, 339–40 (9th Cir. 2020).

The Trust Indenture Act[2] (TIA) claim was properly dismissed because Lobstein

failed to allege that she "purchase[d] securities issued under an indenture."  *Phelps*

*v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chi. (In re Nucorp Energy Sec. Litig.)*, 772

F.2d 1486, 1489 (9th Cir. 1985); *see also* 15 U.S.C. § 77www(a).  The district

court properly dismissed the Fair Debt Collection Practices Act, 15 U.S.C.

§§ 1692–1692p, claim because Lobstein failed to plausibly allege[3] that US Bank

was a "debt collector"[4] under the terms of that statute.  *See Henson v. Santander*

*Consumer USA Inc.*, __ U.S. __, __, 137 S. Ct. 1718, 1721, 198 L. Ed. 2d 177

(2017); *see also id.* at __, 137 S. Ct. at 1721–26; *cf. Dowers v. Nationstar Mortg.,*

*LLC*, 852 F.3d 964, 971 (9th Cir. 2017).  The two breach of contract claims failed

---

[1] US Bank is the proper defendant, not the WMALT Trust.  *See* Fed. R. Civ. P. 17(b)(3); *Moeller v. Superior Court*, 947 P.2d 279, 283 n.3 (Cal. 1997).  We are not persuaded by Lobstein's laundry list of purported defects in the WMALT Trust and the process by which the mortgage loan was assigned to it, which are largely irrelevant to her claims.

[2] Trust Indenture Act of 1939.  15 U.S.C. § 77aaa.

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009).

[4] 15 U.S.C. § 1692a(6); *see also id.* § 1692f(6)(A)

3

because Lobstein did not adequately allege either the mortgage terms US Bank purportedly violated[5] or her status as a third-party beneficiary of any mortgage-backed securities agreements.[6] Both the declaratory relief and conspiracy claims necessarily failed as standalone claims,[7] and Lobstein did not sufficiently allege[8] that US Bank had committed fraud or any other purported "felonies."

The district court did not abuse its discretion in dismissing the claims against US Bank with prejudice. *See Cafasso ex rel. United States v. Gen'l Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–63 (9th Cir. 2009) (en banc). The district court reasonably determined that further leave to amend would be futile where it had already given Lobstein three opportunities to amend, Lobstein failed to cure the deficiencies in her claims, and she reasserted claims that had previously been dismissed with

---

[5] *See Twaite v. Allstate Ins. Co.*, 264 Cal. Rptr. 598, 605 (Ct. App. 1989).

[6] *Turner v. Wells Fargo Bank NA (In re Turner)*, 859 F.3d 1145, 1149–50 (9th Cir. 2017); *see also* Cal. Civ. Code § 1559; *Goonewardene v. ADP, LLC*, 434 P.3d 124, 132–33 (Cal. 2019).

[7] *See* 28 U.S.C. § 2201(a); *Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983) (per curiam); *Julian v. Mission Comm. Hosp.*, 218 Cal. Rptr. 3d 38, 65 (Ct. App. 2017).

[8] *See Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

prejudice. *See Lockheed Martin Corp. v. Network Sol'ns, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999); *Cafasso*, 637 F.3d at 1058.

Likewise, the district court did not err in dismissing Lobstein's claims[9] against the Pension Funds,[10] which failed for the same reasons as did her claims against US Bank. Lobstein's assertion that the Pension Funds had transformed into her mortgage lender is not only implausible,[11] but does not remedy the fatal deficiencies in her claims. Because the Pension Funds ask us to affirm the judgment in their favor,[12] we also conclude that the district court did not abuse its discretion in dismissing Lobstein's claims against them with prejudice. The district court reasonably determined that further amendment would have been futile, and Lobstein has not elucidated how she would or could have cured her

---

[9] Wrongful foreclosure, violation of the TIA, breach of contract, and declaratory relief.

[10] Policemen's Annuity and Benefit Fund of the City of Chicago; Laborers' Pension Fund and Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity; Iowa Public Employees' Retirement System; Arkansas Public Employees' Retirement System; Vermont Pension Investment Committee; Washington State Investment Board; Arkansas Teacher Retirement System; Public Employees' Retirement System of Mississippi; City of Tallahasee Retirement System; Central States, Southeast and Southwest Areas Pension Fund.

[11] *See Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

[12] *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584, 119 S. Ct. 1563, 1570, 143 L. Ed. 2d 760 (1999).

deficient claims against the Pension Funds.  Similarly, the district court did not err in dismissing Lobstein's claims against Alan David Tikal with prejudice.

**AFFIRMED.**